## SHOUTEE *v.* SWINDLES.

The finding of an auditor's report makes a *primâ facie* case, entitling the party, in whose favor it may be, to a judgment in accordance therewith, unless it shall be controlled and overthrown by other evidence.

Evidence tending to show the plaintiff to be the wife of an alien, and living in this State, separate from her husband, at the time of the rendition of the services for which compensation is sought to be recovered in a suit, and ever since, is not calculated to control or overthrow the conclusion of an auditor, that the defendant is indebted to the plaintiff, or to invalidate the plaintiff's right to recover, for the services rendered, under the provisions of the statute.

ASSUMPSIT. The writ was dated February 16, 1855, and contained two counts: the first, upon balance of account annexed, for the services of the plaintiff for the defendant, in the Portsmouth Steam Factory, and as house-keeper; and the second, a general count for labor and services done and performed. The case was referred to an auditor, who, at the November term, 1858, of the Court of Common Pleas for this county, made his report, finding the defendant indebted to the plaintiff in the sum of $147.86, for her services, working in the Portsmouth

Steam Factory, in 1850 and 1851, and interest thereon, the defendant having received the pay for those services.

By request of the parties, the auditor added to his report that it was proved before him that at some time, more than twelve years before the date of the plaintiff's writ, she lived in England with one John Worrall, as his wife, and had a son by him; but there was no proof whether said Worrall was now alive or dead; and that thereupon the defendant objected that the plaintiff could not maintain her action—that, if she had any claim, John Worrall should have been joined as plaintiff.

The case was submitted to the consideration of the court upon the auditor's report, and a deposition of Mary M'Kennon, in which she stated that she knew the plaintiff at the time of the rendition of the services sued for—and had for seven or eight years—that the plaintiff often spoke of her husband, who, she said, resided in Manchester, in England, and said that she was married to him in the old church in said Manchester, where he still lived, with a daughter she had by him, named Eliza.

*Albert R. Hatch,* for the defendant.

*W. H. Y. Hackett,* for the plaintiff.

FOWLER, J. The report of the auditor finds due from the defendant to the plaintiff, for her services in the Portsmouth Steam Factory, and interest from the date of the writ, the sum of $147.86, with the additional fact that the defendant himself received the pay for those services. This report makes a *primâ facie* case for the plaintiff upon the pleadings, and she is entitled to judgment upon it, unless, upon the state of facts found by the auditor, accompanying his report, and shown by the annexed deposition of Mary M'Kennon, she is prevented from maintaining the action. The auditor finds it to have been proved be-

fore him, that more than twelve years before the date of the writ, the plaintiff lived in England, with John Worrall, as his wife, and had a child by him, while the deposition of Mary M'Kennon tends to prove the same facts, with the additional circumstance that the plaintiff was residing · in this State separate from her husband, who was then, and still is resident in England, during the period when she performed the services for which compensation was sought in the present action. The finding of the auditor, and the statements of the deposition, furnish evidence from which a jury would be justified in finding, that, if the plaintiff be a married woman, she is the wife of an alien, resident in England, and that she was living in this State separate from her husband, during the entire period of the services for the defendant, and long before and ever since—more than fifteen years—thus bringing her fully and completely within the provisions of section 4 of chapter 149 of the Revised Statutes, (Comp. Laws, chap. 158, sec 4) which expressly enact that, " if any woman, being the wife of an alien, or of a citizen of any other State, shall have resided in this State for the term of six months successively, separate from her husband, she shall be capable of making contracts, may sue and be sued in her own name, for any cause of action that may accrue during such separate residence, may acquire and hold property in her own right," &c. As this court, under the agreement of the parties, are to consider this evidence as a jury might do, and draw from it such inferences as a jury would be authorized to draw from it, we are unable to discover any · thing, in the facts reported by the auditor, or disclosed in the deposition, tending to invalidate the plaintiff's right to maintain her action as *primâ facie* established by the auditor's report.

Were it suggested that Shouter is not, upon the evidence before us, the true name of the plaintiff, but Worrall; it would be sufficient to say that she appears to have been

known under her present name by the defendant's witness, while performing the services she rendered for the defendant. Besides, if the defendant would have taken advantage of the misnomer, it was matter in abatement, which he waived, by his neglect to plead it seasonably, and by answering to the action and proceeding to try it under the assumed name of the plaintiff.

Entertaining these views, we think the plaintiff rightfully entitled to judgment on the report for the amount found by the auditor, with interest from the date of his report.

*Judgment for the plaintiff.*